IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLA MILLARD LINDGREN, | No. 2:10-cv-2818-CMK |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

      Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pending before the court is plaintiff's request for attorney fees pursuant to 42 U.S.C. § 406(b) (Doc. 21).

      By stipulation and order filed on April 15, 2011, this matter was voluntarily remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). In accordance with that stipulation, the parties then stipulated to an award of attorney fees under the Equal Access to Justice Act (EAJA) in the amount of $3,100.00. Upon further proceedings, plaintiff obtained a favorable decision in which the administrative law judge found plaintiff was disabled and awarded her retroactive benefits totaling $43,806.00.

Plaintiff and her attorney entered into a fee agreement on September 13, 2010. That agreement provided for a maximum amount of attorney fees equaling 25% of any past-due benefits awarded in a favorable decision from the Social Security Administration, subject to the offset provisions of the EAJA, and less any administrative fees paid by plaintiff to her administrative attorney Patricia Johnson. Counsel is now requesting the court award attorney fees in that amount pursuant to 42 U.S.C. § 406(b). Defendant filed a response to counsel's request indicating no opposition to the fee request, but taking no position on the reasonableness of the request.

Pursuant to Gisbrecht v. Barnhart, 535 U.S. 789 (2002), the District Court is required to review a request for attorney fees to assure the reasonableness of the contingency fee agreement and the amount of attorney fees counsel receives. The agreement entered into between plaintiff and her counsel clearly indicates an agreement providing for an attorney fee amount of 25% of any retroactive benefits she receives. Plaintiff was successful in obtaining retroactive benefits in the amount of $43,806.00. Twenty-five percent of that amount equals $10,951.50. That amount, less the amount of $6,000.00 paid to Ms. Johnson, equals the amount requested by plaintiff's counsel of $4,951.50. After reimbursement to plaintiff of the $3,100.00 EAJA fees previously received by counsel, plaintiff's counsel will receive an additional $1,851.50 in attorney's fees.

Counsel has provided the court with information concerning the number of hours expended representing plaintiff in this matter, his normal hourly rate in non-contingency matters, as well as the market rate for attorneys. He indicates he spent 19.6 hours on this matter, and his normal non-contingency rate is $300.00 per hour, which is on par with the market rate for attorneys within his area in the range of $300.00 per hour. The amount requested would result in an hourly fee of $252.63. Counsel also outlined for the court his expertise in the area of Social Security. Given this information, as well as the successful result obtained by plaintiff in obtaining retroactive benefits, the court finds the amount of fees requested to be reasonable.

1  Good cause appearing, IT IS HEREBY ORDERED that plaintiff's motion is
2  granted and counsel is awarded attorney fees in the amount of $4,951.50, minus the amount of
3  $3,100.00 in EAJA fees to be reimbursed to plaintiff, in accordance with 28 U.S.C. §
4  406(b)(1)(A).

   DATED: April 10, 2014

   _____
   **CRAIG M. KELLISON**
   UNITED STATES MAGISTRATE JUDGE